**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4587-15T3

V.J.C.,

        Plaintiff-Respondent,

v.

M.V.,

        Defendant—Appellant.

_____

Submitted July 13, 2017 — Decided July 25, 2017

Before Judges Yannotti and Haas.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Cape May County, Docket No. FV-05-000365-16.

Stephen J. Buividas, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

Defendant M.V. appeals from a final restraining order (FRO) entered on April 14, 2016, in favor of plaintiff V.J.C. pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. Because the trial judge mistakenly exercised his discretion

in denying defendant's request for a short adjournment of the April 14 hearing until his attorney could arrive at the courthouse, we reverse and remand for a new hearing on plaintiff's complaint.

We derive the following facts from the record and the written amplification of the trial judge's findings of fact and conclusions of law submitted under Rule 2:5-1(b). At the time plaintiff filed her complaint for a temporary restraining order (TRO) against defendant on March 15, 2016, the parties were renting separate bedrooms[1] in the same apartment from a landlord. Plaintiff and her husband, W.T., lived in one of the bedrooms, plaintiff's girlfriend lived in another bedroom, and defendant moved into a third bedroom in the apartment about three weeks prior to March 15.

In her complaint, plaintiff asserted that at approximately 3:35 a.m. on March 14, 2015, everyone in the apartment was "dancing to reggae music" when defendant "suddenly snapped and began strangling her by the neck[.]" Plaintiff alleged that "she blacked out[,]" but remembered "kicking back" at defendant "in self-defense while being held back by" her husband and her girlfriend.

---

[1] There were four bedrooms in the apartment. The tenants who rented the bedrooms shared a living room, dining room, kitchen, bathroom, and laundry.

According to the complaint, a hearing on plaintiff's request for a FRO was scheduled for March 24, 2016. On March 16, 2016, however, defendant sought an appeal of the TRO because he wanted to retrieve his personal items from the apartment. The trial judge scheduled this proceeding for the next day, March 17, 2016. Defendant told the judge that he had retained an attorney, but the attorney could not appear on such short notice. Therefore, the judge reinstated the March 24, 2016 return date for the hearing.

On March 23, 2016, the trial judge granted plaintiff's request for an adjournment of the hearing "because of a medical issue." The judge rescheduled the hearing for March 31. However, the judge was not available on that date and, therefore, he rescheduled the hearing for April 7, 2016.

On that date, defendant's attorney sent a letter to the trial judge asking for an adjournment "because of a prior court commitment." The judge granted this request, and rescheduled the hearing for April 14, 2016.

On April 12, 2016, plaintiff's attorney sent the trial judge another letter requesting an adjournment of the April 14 hearing because he was scheduled to appear at three municipal court matters on that date. The judge denied the request, but directed his staff to tell defendant's attorney "that a ready hold would be considered."

Defendant's attorney was able to postpone two of the three municipal court matters he had on April 14. With regard to the one remaining matter, he arranged to appear at the Westampton municipal court at 7:30 a.m. to handle a drunk-driving case for a client and to then go to the FRO hearing.

On April 14, 2016, defendant's attorney called court staff and advised that he had gone to the Westampton municipal court at 7:30 a.m. However, the attorney explained that he had been delayed because the municipal court judge was waiting to receive a "consolidation order" from the Burlington County Assignment Judge before proceeding with the attorney's client's case.

Knowing of the attorney's dilemma, the trial judge nevertheless called the FRO matter at approximately 10:02 a.m. Defendant's attorney had not yet arrived at the courtroom. The judge told defendant, who was present in court, that he was going to proceed with the trial. Defendant asked for permission to call his attorney's receptionist to let her know. The judge gave defendant ten minutes to complete the call.

The trial judge started the hearing at 10:13 a.m., taking testimony from plaintiff, her husband, and defendant. While the hearing was proceeding, defendant's attorney sent two letters to the judge updating him of the status of the Westampton matter. In the first letter, faxed to the judge at 10:22 a.m., the attorney

4

stated that he had been detained in the municipal court and requested an adjournment of the FRO hearing. In the second letter, sent at 10:44 a.m., defendant's attorney stated that he would be released by the municipal court judge shortly, and asked that the FRO matter be "place[d] . . . on ready-hold" until he arrived.

The trial judge stated in his amplified decision that he did not receive the two letters until after he completed the hearing at 10:57 a.m. At the conclusion of the hearing, the judge entered a FRO in favor of plaintiff against defendant, finding that his actions on the morning of March 14, 2016 constituted assault. The judge also found that although defendant no longer lived in the apartment, a FRO was needed because plaintiff and defendant "live in a small town, a small community. Their paths have crossed before in a social drinking context and that is likely to happen again."

In his amplified decision, the trial judge stated that he denied defendant's attorney's requests for an adjournment or for a ready-hold until he could get to the courthouse because the judge had already adjourned the hearing several times; N.J.S.A. 2C:25-29(a) requires that a final hearing be held "within [ten] days of the filing of a complaint"; and the case was already a month old.

On appeal, defendant contends that the trial court "erred by denying defendant the opportunity to have his counsel present for the hearing." We agree.

As the trial judge correctly noted, N.J.S.A. 2C:25-29(a) states that a final hearing on a party's request for a FRO should be held within ten days after the plaintiff files a complaint. However, the Supreme Court has recognized that to the extent this provision may at times "preclude[] meaningful notice and an opportunity to defend, [it] must yield to due process requirements," and, therefore, does not preclude a trial judge from granting a continuance so that a party's attorney may represent him or her at the hearing. H.E.S. v. J.C.S., 175 N.J. 309, 323 (2003).

Thus, it is within the trial court's discretion to grant an adjournment or continuance if either party requests an adjournment for the purpose of obtaining or consulting with an attorney, securing witnesses, or other good cause, unless the delay would create an extreme hardship on the other party, or there had been an inordinate delay in seeking counsel. Id. at 324. As the Supreme Court has stated, "[o]ur courts have broad discretion to reject a request for an adjournment that is ill founded or designed only to create delay, but they should liberally grant one" when

necessary in order to safeguard a party's due process rights. J.D
v. M.D.F., 207 N.J. 458, 480 (2011).

Applying these standards, we are constrained to conclude that
the trial judge erred in denying defendant's request for a short
adjournment of the April 14, 2016 hearing to enable his attorney
to get to the courthouse. Prior to calling the case at 10:02
a.m., the judge knew that defendant was represented, his attorney
had gone to a municipal court in another county at 7:30 a.m. to
handle a case for another client, and the resolution of that matter
had been unexpectedly delayed. Defendant's attorney kept the
trial judge apprised of the status of the municipal court matter,
calling the court once, and sending two follow-up letters. Under
these circumstances, we are satisfied that defendant's request was
not "ill founded or designed only to create delay[.]" Ibid.

Even if the trial judge were not inclined to reschedule the
hearing for another day, he could have simply delayed the start
of the hearing for a few hours until defendant's attorney arrived,
and called other cases on the calendar in the interim. Indeed,
the judge stated in his amplified decision that he directed his
staff to present this option to defendant's attorney, and the
attorney specifically asked for a "ready-hold" in the second letter
he sent to the court on April 14, 2016. Clearly, this procedure

would not have adversely affected the plaintiff.  H.E.S., supra, 175 N.J. at 324.

Contrary to the trial judge's finding, defendant was not solely responsible for the prior scheduling delays.  Plaintiff requested an adjournment of the first hearing date on March 24, 2016, and the judge adjourned the matter again on March 31 due to his own unavailability.  Defendant's attorney then requested an adjournment of the April 7 hearing.  Regardless of who was responsible for these adjournments, however, "there [was] no risk to plaintiff" while the matter was pending because "courts are empowered to continue temporary restraints during the pendency of an adjournment, thus fully protecting the putative victim while ensuring that defendant's due process rights are safeguarded as well."  J.D., supra, 207 N.J. at 480.

Thus, we conclude that the trial judge mistakenly exercised his discretion in denying defendant's request for a short adjournment of the hearing to enable his attorney to represent him at the hearing.  Therefore, we reverse the April 14, 2016 FRO, and remand for a new hearing consistent with this opinion.  The TRO shall remain in full force and effect pending further order of the trial court.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4587-15T3